# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JENNIFER S MALDONADO,

    Plaintiff,

-vs-

TRANS UNION LLC,

    Defendant.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER S MALDONADO (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, TRANS UNION LLC (hereinafter "Trans Union"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

1

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and resident of Brevard County, Florida; the violations described in this Complaint occurred in this District; and Trans Union transacts business within this District.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

7. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

9. Plaintiff had a credit account non-party Truist Bank ("Truist") for an auto loan.

10. Plaintiff made timely payments throughout the history of the loan.

11. On or about September 6, 2022, Plaintiff's vehicle was totaled in an accident.

12. Plaintiff's loan was satisfied in full on or about September 15, 2022, by a payoff check issued by Plaintiff's insurance carrier, non-party Progressive Insurance ("Progressive").

13. On or about November 2022, Plaintiff continued to receive bills from Truist for outstanding payments due on the satisfied loan.

14. Shortly thereafter, Plaintiff began to communicate with Truist and Progressive about the loan and alleged debt owed.

15. Despite Plaintiff having satisfied the loan, Trans Union continued to reflect the Truist partial account as open with a reported balance of $17,383 and a status of over 120 days past due.

16. On or about March 30, 2023, Plaintiff obtained a copy of her Trans Union credit report and the Truist Account continued to be reported as open with a reported outstanding balance of $17,383 and a status of "account 120 days past due date".

17. In response to the inaccurate reporting, on April 3, 2023 Plaintiff mailed a written dispute letter to Trans Union. In the dispute letter, Plaintiff explained that the Truist Account should be listed as a closed account with a zero balance. To confirm her identity, a copy of her driver's license was included. Also, in this letter, Plaintiff provided images her Trans Union credit report, and images from her insurer illustrating that a payoff check was sent and cleared.

18. Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail 7022 1670 0002 0751 3311.

19. On April 13, 2023, Trans Union responded to Plaintiff's disputed Truist Account by stating the disputed account was "VERIFIED AS ACCURATE" and updated the outstanding balance to $17,475.

20. Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Truist.

21. Trans Union never attempted to contact Plaintiff during the alleged investigation.

22. Despite Plaintiff providing Trans Union with all of the relevant information needed to prove the account was closed with a zero balance, Trans Union continued to report the account inaccurately.

23. On May 11, 2023, in response to the continued inaccurate reporting by Trans Union, Plaintiff mailed Trans Union *another* dispute letter. In the dispute letter, Plaintiff reiterated the Truist Account is closed with a zero balance. To confirm her identity, a copy of her driver's license was included. Also, in this letter, Plaintiff provided images of her latest Trans Union dispute result, images from her insurer illustrating that a payoff check was sent and cleared.

24. Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail 7022 1670 0002 0751 3946.

25. As of the filing of this Complaint, Trans Union continues to report negative information on Plaintiff's credit report regarding the Truist account, and Plaintiff's damages are on-going.

26. Trans Union has never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of the Complaint with Trans Union's refusal to conduct a meaningful investigation into her dispute as it is required to by law.

27. Plaintiff is in need of a new, reliable vehicle in order to drive her husband to and from medical appointments for cancer treatment, and the inaccurate reporting of Trans Union is creating additional challenges for Plaintiff to be able to obtain an auto loan for purchase of a new vehicle.

28. As a result of the actions and/or inactions of Defendant, Plaintiff has suffered damage to her credit score.

29. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her credit;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant actions;

    iv. Reduction in credit score;

  v. Apprehensiveness to apply for an auto loan to the fear of rejection;

  vi. Defamation as Trans Union published Plaintiff's inaccurate information to Credit First National Association.

## COUNT I
### Violation of the 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC

30. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

31. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

32. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered a loss of her personal time, emotional distress, and the damages otherwise outlined in this Complaint.

33. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

34. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, JENNIFER S MALDONADO, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and such other such relief the Court may deem just and proper.

## COUNT II
### Violations of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC

35. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

36. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

37. Plaintiff repeatedly provided Trans Union with the information it needed to confirm that the payment status should be shown as "closed" with a zero balance, including by not limited to bank account records showing the payoff check had cleared and relevant supporting documents. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

38. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage by a reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

39.     Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

40.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, JENNIFER S MALDONADO, demands judgment and compensatory and punitive damages against Defendant, TRANS UNION, LLC, for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JENNIFER S MALDONADO, demands judgment for actual, statutory, and punitive damages against Defendant, TRANS UNION, LLC, for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, specific performance and injunctive relief; and such other such relief the Court may deem just and proper.

DATED this 19th day of May, 2023.

                               Respectfully submitted,

                               **/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*